CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
January 06, 2026
LAURA A. AUSTIN, CLERK
BY: s/ M.Poff, Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **CHARLES CARROLL,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:25CV00891 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **WARDEN R.N.C.C., et al.,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendants. | ) | |

*Charles Carroll, Pro Se Plaintiff.*

The plaintiff, an unrepresented Virginia inmate, has filed this civil rights action under 42 U.S.C. § 1983, alleging that the defendants have unfairly punished him for fighting. Carroll has submitted a prisoner trust account report and statement of assets, implicating his intention to apply for in forma pauperis status under 28 U.S.C. § 1915(b), which would allow him to pay the filing fee through installments. After review of his pleadings, I conclude that he does not qualify to do so based on his current allegations and his prior frivolous filings in this court. Accordingly, I will summarily dismiss this lawsuit pursuant to 28 U.S.C. § 1915(g).

Under the Prison Litigation Reform Act of 1995, all prisoner litigants suing government entities or officials must pay filing fees in full, either through prepayment or through installments withheld from the litigant's inmate trust account. § 1915(b). Section 1915(g) denies the installment payment method to

prisoners who have "three strikes" — those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim — unless the three-striker inmate shows "imminent danger of serious physical injury."

Court records indicate that Carroll has brought such actions or appeals on three or more prior occasions. *Carroll v. C/O Barker,* No. 7:14CV00005 (W.D. Va. Jan 3, 2014) (dismissed under §1915A(b)(1) as frivolous); *Carroll v. Messer,* 7:15CV00109 (W.D. Va Apr. 7, 2015) (dismissed under §1915A(b)(1) as frivolous); *Carroll v. Scarberry,* No. 7:15CV00702; (W.D. Va. Feb. 8, 2016) (dismissed under § 1915A(b)(1) as frivolous). Accordingly, Carroll may proceed without prepayment of the filing fee only if he states facts showing that he faces imminent danger of serious physical injury.

The imminent danger exception to the three strikes rule is "'essentially a pleading requirement subject to the ordinary principles of notice pleading.'" *Holley v. Combs*, 134 F.4th 142, 145 (4th Cir. 2025) (quoting *Newkirk v. Kiser*, 812 F. App'x 159, 159 (4th Cir. 2020) (unpublished)). The exception must be construed narrowly and applied only "for genuine emergencies," where "a threat . . . is real and proximate" to the alleged official misconduct. *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). The prisoner must be seeking relief from and demonstrate a danger that is imminent at the time he files the complaint. *Chase v. O'Malley*, 466 F. App'x 185, 186 (4th Cir. 2012) (unpublished) (noting that exception focuses on "'the risk

that the conduct complained of threatens continuing or future injury, not whether the inmate deserves a remedy for past misconduct'") (quoting *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)).

I cannot find that Carroll has alleged facts showing that he was in imminent danger of serious physical harm under § 1915(g) when he filed his Complaint. Carroll's Complaint states that he was "[b]eing punished by the Warden, Asst. Warden by locking [him] down for wks over other inmates action (fighting)." Such claims do not sufficiently support a finding of imminent physical harm where they have failed to specifically state what, if any, injury is threatened by the conduct complained. *See Holley*, 134 F.4th at 146–47 (emphasizing the necessity for specificity of a plaintiff's allegations in order to survive dismissal under § 1915(g)). While Carroll states that he has been placed in lockdown status, he does not specifically describe any physical danger that is impending. Indeed, without more specific allegations, conclusory claims regarding time in lockdown do not in and of themselves demonstrate a constitutional violation, particularly when balanced with state officials' interests in maintaining safety and security. *Lucien v. Godinez*, 814 F. Supp. 754, 757 (N.D. Ill. 1993).

For the foregoing reasons, I cannot find that Carroll is eligible to proceed with this civil action without prepayment of the filing fee under the imminent danger exception. Accordingly, I must deny his application to proceed in forma pauperis.

Because he has not prepaid the $350 filing fee or the $52 administrative fee required to bring a civil action in this court, I will dismiss the Complaint without prejudice.

A separate Final Order will be entered herewith.

DATED: January 6, 2026

/s/  JAMES P. JONES
Senior United States District Judge